SEBASTIAN SHAUMYAN and MARIA SHAUMYAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shaumyan v. Commissioner
Docket No. 6250-79
United States Tax Court
T.C. Memo 1981-543; 1981 Tax Ct. Memo LEXIS 204; 42 T.C.M. (CCH) 1189; T.C.M. (RIA) 81543; September 24, 1981. Sebastian Shaumyan, pro se. Robert E. Marum, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $ 2,740.36 in petitioners' Federal income tax for the taxable year 1976. The sole issue presented for our decision is whether moving expenses incurred and paid by petitioners in 1975 may be deducted in 1976. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Sebastian and Maria Shaumyan filed a joint Federal income tax return for the taxable year 1976 with the Andover Service Center, Andover, Massachusetts. At the time of the commencement of this suit, petitioners were residents *205 of New Haven, Connecticut. Prior to 1976, petitioners resided in the Soviet Union. Sebastian was employed as a full professor at Moscow University and additionally held the position of director of the department of structural linguistics at the Academy of Sciences. During the fall of 1974, Sebastian received an offer of employment as a full professor at Yale University in New Haven, Connecticut. He accepted the offer to begin on July 1, 1975. Sebastian stopped teaching at Moscow University during February of 1975. He left Russia with his wife and 3 children on June 9, 1975. The family was forced to stay in Rome, Italy from June 25, 1975 until September 23, 1975 due to problems experienced in obtaining visas. They finally arrived in New Haven on September 23, 1975, and Sebastian began teaching in the linguistics department at Yale shortly thereafter. As of the time of trial, Sebastian had been continuously employed as a full professor at Yale since he arrived there. The Shaumyans incurred and paid in 1975 moving expenses totalling $ 9,377, in connection with their move from Moscow to New Haven. Sebastian received a partial reimbursement of $ 1,500 of these expenses *206 from Yale during 1979. Petitioners did not claim the $ 9,377 as a moving expense deduction on their 1975 joint Federal income tax return. Petitioners did claim a moving expense deduction of $ 9,377 on their 1976 return. Respondent disallowed this deduction on the ground that none of these expenses were paid or incurred in 1976. OPINION Petitioners moved from Moscow, Russia, to New Haven, Connecticut, in 1975 so that Sebastian, a professor at Moscow University, could begin employment as a professor at Yale University. The parties have stipulated that the moving expenses in question were paid and incurred in 1975. Nonetheless, petitioners claim that they are entitled to a deduction for 1976. Petitioners base their claim on the fact that the Soviet government allegedly confiscated all monies which Sebastian had earned during 1975 prior to his departure, and apparently his savings from prior years as well. Petitioners argue that the family's income for 1975 was much reduced by this loss and that under the special circumstances presented by this case we should allow them a deduction for 1976 when they did have a full year's income to report. Section 217(a) [1] allows as a *207 deduction moving expenses "paid or incurred during the taxable year." We are bound by the parties' stipulation that these amounts were paid and incurred in 1975. We therefore are forced to conclude that the moving expenses in question were neither incurred nor paid during 1976, and petitioners at no time have alleged otherwise. We must hold for respondent based upon the clear and unequivocal language of the statute. While it is most unfortunate that circumstances resulted in the loss of petitioners' savings in 1975, we know of no "special circumstances" exception to section 217(a) nor to the general rules of tax accounting for cash basis taxpayers. Our system of income taxation simply does not permit the taxpayer at his option to shift deductions to years where, by virtue of the marginal rates applicable to his income, the deduction will do the most good. Nor does it permit him to shift deductions which may otherwise be wasted into a subsequent taxable year in which he has greater income. This point is exemplified by the fact that there is no relationship between the year 1976 and those moving *208 expenses, and thus no logical basis exists for the claim of deduction for that year. While we sympathize with the difficulties petitioners encountered, the law clearly allows the deduction in the year paid or incurred. In this case the expenses were both paid and incurred in 1975. Decision will be entered for the respondent. Footnotes
1. All section references are the Internal Revenue Code of 1954, as amended.↩